Aymen A. Aboushi, Esq.
Diane A. Aboushi, Esq. (Pro Hac Vice Pending)
The Aboushi Law Firm
1441 Broadway, 5th Floor
New York, NY 10018
Tel: (212) 391-8500
Fax: (212) 391-8508
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF NEWARK

---------------------------------------------------------------- X
MICHELE HOLDER,                                                  :
                                                                 : Civ. No.: _____
                    Plaintiff,                                   :
-against-                                                        : Complaint and Jury Demand
                                                                 :
TECH MAHINDRA (AMERICAS) INC.                                    :
                                                                 :
                    Defendant.                                   :
                                                                 :
---------------------------------------------------------------- X

## INTRODUCTORY STATEMENT

This case is about an exemplary employee who was fired because of her age. Plaintiff had been An exemplary employed for over 21 years. Then in 2015, the Defendant undertook an insidious policy of closing down departments with employees over the age of 40, terminating employees over the age of 40, and pressuring older employees to retire. Accordingly, the Plaintiff comes now before this Court and seeks protection under the Age Discrimination in Employment Act and New Jersey Law against Discrimination protecting against discrimination.

## JURISDICTION AND VENUE ALLEGATIONS

1. This court has jurisdiction over this action under 42 U.S.C.A § 2000e-5(f) and under 28 U.S.C.A. §§ 1331 and 1343(4).

2. Venue is appropriate in this District as all of the acts giving rise to this action occurred within this District and the Defendant resides in this District.

1

## PARTIES

3. Plaintiff is over the age of 50.

4. Defendant is a Corporation located in Union County, New Jersey.

5. Defendant is an employer of at least several thousand people.

6. Defendant is an employer within the meaning of 42 U.S.C.A. § 2000e-(b) and N.J. Stat. Ann. § 10:5-5 (2011)

7. At all times mentioned herein, Defendant was an employer within the meaning of the Age Discrimination in Employment Act (29 U.S.C.A. § 623) ("ADEA") and New Jersey's Law Against Discrimination, N.J.S.A. 10:5-1 et seq. (NJLAD), and as such was prohibited from discriminating in employment on the basis of age and from engaging in retaliatory conduct.

## FACTS

8. At all times mentioned herein, Plaintiff was an employee within the meaning of the ADEA and NJLAD protected against discrimination in employment on the basis of her age and was a member of the protected group of workers 40 years of age or older.

9. Plaintiff has been discriminated against by Defendant on the basis of her age in violation of the ADEA and NJLAD by engaging in a course of conduct which included placing pressure on Plaintiff to retire prior to termination, discharge of Plaintiff from employment because of Plaintiff's age, and the replacement by or retention of less qualified younger employees in her position.

10. Plaintiff was fifty-one (51) years of age at the time that Defendant terminated Plaintiff.

11. Plaintiff was replaced by a new hire who is under the age of 40 and younger than Plaintiff.

12. Plaintiff received top rated performance evaluations during the time she was employed.

13. There were eight (8) US-based employees in Plaintiff's group. Over the course of (two) years, Tech Mahindra had terminated half of these individuals, who were all over the age of forty (40).

The terminated individuals were replaced by individuals younger than forty (40).

14. In 2015, Tech Mahindra advised Plaintiff that it was reducing costs and eliminating onshore resources and relocating her position to an offshore location in India. This was simply a pretextual excuse to her unlawful firing.

15. Plaintiff did her absolute best to keep her job, including offering to take a reduced salary.

16. However, Tech Mahindra insisted that Plaintiff could not keep her job because it was being eliminated in the US and it was relocating the positon to India.

17. Defendant presented Plaintiff with a voluntary severance package that Plaintiff did not accept.

18. Plaintiff was terminated on July 31, 2015. She was 51 years old at the time.

19. Defendant's explanation is simply a pretext to unlawfully remove and/or terminate the Plaintiff.

20. Before being terminated, Plaintiff advised her supervisors that she was being discriminated against because of her age, gender, sex and national origin. However, Tech Mahindra failed to investigate her claims and terminated her in retaliation of her complaining about the unlawful conduct.

21. The Defendant retaliated against Plaintiff by terminating her because she voiced complaints about the Defendant's discriminatory practices.

22. Plaintiff learned in November 2015, that Tech Mahindra had filled her position with an employee in California in the United States named Sridhar Mallala. Upon information and belief, Mr. Mallala is a male and under the age of 40.

23. Thereafter Plaintiff filed a timely charge with the Equal Employment Opportunity Commission and received a notice dated May 2, 2016, of her right to sue in United States District Court pursuant to 42 U.S.C.A. § 2000e.  That Right to Sue Letter is attached hereto and is incorporated herein by reference.

24. Plaintiff has therefore exhausted all available and required administrative remedies.

25. Plaintiff was forced to remain unemployed for over 6 months prior to finding employment.

26. As a proximate result of the foregoing, Plaintiff has been denied has lost wages, benefits, promotional opportunities and bonuses; and has incurred damages thereby.

## Count I
### Violation of Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621-634

27. Plaintiff re-alleges each and every Paragraph as if alleged herein.

28. Defendant discriminated against the Plaintiff on the basis of her age by firing Plaintiff because it did not want older employees working for it.

29. Defendant retaliated against Plaintiff for raising discrimination concerns.

30. The aforementioned conduct is a clear violation of the Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621-634.

## Count II
### Violation of Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17

31. Plaintiff re-alleges each and every Paragraph as if alleged herein.

32. Defendant treated Plaintiff adversely because of her gender, national origin, skin tone, and/or race.

33. No other similarly situated employees of different national origin, skin tone, or race were terminated.

34. Defendant retaliated against Plaintiff for raising discrimination concerns.

35. Such conduct is a clear violation of Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§2000e to 2000e-17.

## Count III.
### Violation of New Jersey Law Against Discrimination

36. Plaintiff re-alleges each and every Paragraph as if alleged herein.

37. Defendant treated Plaintiff adversely because of her age, gender, national origin, skin tone,

and/or race.

38. No other similarly situated employees of younger age, or different national origin, skin tone, or race were terminated.

39. Defendant also retaliated against Plaintiff for speaking out regarding the discrimination Defendant was engaging in.

40. Such conduct is a clear violation of New Jersey Law Against Discrimination.

WHEREFORE, Plaintiff prays that this Court grant judgment to her containing the following relief:

1. An order prohibiting Defendant from continuing or maintaining the policy, practice and/or custom of denying job benefits to employees on the basis of age;

3. An award to Plaintiff of her actual damages in an amount to be determined at trial for loss of wages, benefits, and promotional opportunities, including an award of front pay compensating plaintiff for loss of future salary and benefits;

4. An award to Plaintiff of double her actual damages in an amount to be determined at trial as liquidated damages under 29 U.S.C.A. § 626(b) and NJLAD.

5. An award of past, present, and future mental and emotional damages.

6. An award to Plaintiff of the costs of this action, together with her reasonable attorneys' fees; and

7. All rights and remedies afforded by ADEA and NJLAD, and such other and further relief as this Court finds just and proper.

## Jury Demand

Plaintiff hereby demands a jury trial for all triablable issues

Dated: July 25, 2016

By Plaintiff's Attorneys
s/<u>Aymen A. Aboushi</u>
Aymen A. Aboushi
Diane. A. Aboushi (Pro Hac Vice Pending)
The Aboushi Law Firm
1441 Broadway, 5th Fl. N.Y., NY 10018
Tel: (212) 391-8500
Fax: (212) 391-8508
Attorneys for Plaintiff

Dated: July 25, 2016

By Plaintiff's Attorneys
s/<u>Aymen A. Aboushi</u>
Aymen A. Aboushi
Diane. A. Aboushi (Pro Hac Vice Pending)
The Aboushi Law Firm
1441 Broadway, 5th Fl. N.Y., NY 10018
Tel: (212) 391-8500
Fax: (212) 391-8508
Attorneys for Plaintiff